**Judy WITTE, Plaintiff,**

v.

**RIPPE & KINGSTON SYSTEMS, INC., Defendant.**

**No. 04–CV–413.**

United States District Court, S.D. Ohio, Eastern Division.

Feb. 28, 2005.

Barbara D. Bonar, Covington, KY, for Plaintiff.

Anthony Joseph Caruso, Kohnen & Patton-1, Cincinnati, OH, for Defendant.

## OPINION AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

■■■ This matter is before the Court on Defendant, Rippe & Kingston Systems, Inc.'s, Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, Judy Witte, alleges that Defendant discriminated against her on the basis of her disability in violation of OHIO REV.CODE ANN. § 4112 *et seq.*[1] When determining whether Plaintiff has alleged facts sufficient to support her claim of disability discrimination, this Court will apply Ohio's test for disability discrimination because the standard under the ADA differs slightly from Ohio's test.[2] For the reasons set forth herein, Defendant's Motion [Docket No. 5], is **DENIED.**

### II. BACKGROUND

As required by Rule 12(b)(6), for the purpose of evaluating Defendant's Motion to Dismiss, the facts as alleged in Plain-

---

1. As a threshold matter, this Court's analysis is governed, in part, by federal jurisprudence under the Americans with Disabilities Act of 1990, 104 Stat. 328 (codified as amended at 42 U.S.C. § 12101 *et seq.*) (the "ADA"), because, "[a]s a general matter, Ohio courts look to federal regulations and case law interpreting the ... ADA, 42 U.S.C. §§ 12101–12203, for guidance when applying Ohio disability discrimination laws." *Rhoads v. Board of Educ.*, No. 03–3018, 103 Fed.Appx. 888, 2004 U.S.App. LEXIS 14288 (6th Cir. July 8, 2004) (citing *City of Columbus Civil Serv. Comm'n v. McGlone*, 82 Ohio St.3d 569, 697 N.E.2d 204, 206–07 (1998)).

2. Under Ohio law, in order for Plaintiff to recover for disability discrimination, she must prove that: (1) she was handicapped; (2) Defendant took an adverse employment action against her, *at least in part*, because she was handicapped; and (3) Plaintiff, though handicapped, can safely and substantially perform the essential functions of her job. *McGlone*, 697 N.E.2d at 206 (emphasis added). *Cf. Monette v. Elec. Data Syst. Corp.*, 90 F.3d 1173, 1178 (6th Cir.1996) (finding that an ADA plaintiff must prove that: (1) she is an individual with a disability; (2) she is "otherwise qualified" to perform the job requirements, *with or without reasonable accommodation;* and (3) she was discharged *solely* by reason of her disability) (emphasis added).

tiff's complaint (the "Complaint") will be taken as true. *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994). Plaintiff was hired by Defendant in September 1994 as a Program Consultant. On July 18, 2001,[3] Plaintiff informed Defendant that she had been diagnosed with terminal lung cancer. After undergoing chemotherapy treatments, Plaintiff experienced difficulty in learning a new computer program. In September 2003, Plaintiff requested an adapter for a computer program from Defendant, which would have allowed her to continue to perform her duties as a Program Consultant. Although Defendant did not provide Plaintiff with the requested adapter, Plaintiff continued working for Defendant. On April 6, 2004, Defendant terminated Plaintiff's employment.

On June 17, 2004, Plaintiff filed her Complaint against Defendant in the United States District Court for the Southern District of Ohio, Western Division, alleging age and disability discrimination in violation of OHIO REV.CODE ANN. § 4112 *et seq.* On July 7, 2004, Defendant moved to dismiss Plaintiff's Complaint, asserting, *inter alia,* that Plaintiff had not pled facts adequate to survive a motion to dismiss for failure to state a claim upon which relief can be granted because Plaintiff's Complaint did not sufficiently allege age or disability discrimination. On July 29, 2004, Plaintiff voluntarily dismissed her age discrimination claim against Defendant. Also, on July 29, 2004, Plaintiff responded to Defendant's Motion to Dismiss, arguing that she has met her pleading burden under FED.R.CIV.P. 8(a) with respect to her disability discrimination claim, and thus, this Court should not dismiss her Complaint.[4] On August 9, 2004, Defendant replied to Plaintiff's Response to Defendant's Motion to Dismiss, maintaining that Plaintiff has not pled facts sufficient to support her "bald, conclusory allegations" of disability discrimination, and hence, the Court should dismiss Plaintiff's Complaint. On September 22, 2004, this case was reassigned to this Court. Accordingly, this matter is ripe for adjudication.

### III. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, all factual allegations made by the plaintiff are deemed admitted, and ambiguous allegations must be construed in the plaintiff's favor. *Murphy v. Sofamor Danek Group, Inc. (In re Sofamor Danek Group, Inc.),* 123 F.3d 394, 400 (6th Cir.1997). A complaint should not be dismissed under Rule 12(b)(6) " 'unless it

3. In her Complaint, Plaintiff avers that she informed Defendant of her terminal lung cancer diagnosis on July 18, 2001, yet in her Amended Response to Defendant's Motion to Dismiss, Plaintiff claims that she informed Defendant of the same information on July 18, 2002. (Compl. ¶ 10; Pl.'s Amended Resp. at 2).

4. In her Response to Defendant's Motion to Dismiss, Plaintiff referenced an attached letter, dated April 6, 2004, as Exhibit A, addressed to her from John E. Reuter on behalf of Defendant, in which Plaintiff was notified of her termination. Plaintiff, however, failed to append the Exhibit A to her memorandum. On August 11, 2004, Plaintiff filed her Amended Response to Defendant's Motion to Dismiss in which she asserted that she inadvertently omitted Exhibit A from her Response to Defendant's Motion to Dismiss. (Pl.'s Amended Resp. at 1). Defendant argues that Plaintiff's Exhibit A should be excluded by the Court because the exhibit: (1) was not attached to Plaintiff's Response to Defendant's Motion to Dismiss; and (2) is outside of the pleading, and therefore, the Court's review of the document is improper in the motion to dismiss context. (Def.'s Reply Mem. at 3–4). Without expressing a view on either of Defendant's contentions, the Court excludes Plaintiff's Exhibit A from its review and analysis because it finds that its assessment of the sufficiency of Plaintiff's Complaint may be conducted without regard to Exhibit A.

appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir.1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant " 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir.1994) (quoting *Conley*, 355 U.S. at 47, 78 S.Ct. 99). Though liberal, this standard of review requires more than the bare assertion of legal conclusions. *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Id.* (citations omitted).

## IV. ANALYSIS

### A. Pleading Requirements under FED.R.CIV.P. 8(a)

This Court's analysis of the proper pleading standard for Plaintiff's disability discrimination claim is guided by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), though neither party cites this case in their respective briefs. Therefore, an overview of *Swierkiewicz* is necessary. *See Jackson v. Crosset Co.*, No. 01–6262, 33 Fed.Appx. 761, 763, 2002 U.S.App. LEXIS 6039, at *3–4 (6th Cir. Mar. 29, 2002) (applying *Swierkiewicz* and stating "[t]o survive a motion to dismiss, a complaint need only contain a short and plain statement of the claim showing that the pleader is entitled to relief" (citing *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992)).

In *Swierkiewicz*, the plaintiff alleged that the defendant terminated his employment based on his national origin in violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253 (codified as amended at 42 U.S.C. § 2000(e) *et seq.*) ("Title VII"), and on account of his age in violation of the Age Discrimination in Employment Act of 1967, 81 Stat. 602 (codified as amended at 29 U.S.C. § 621 *et seq.*) (the "ADEA"). *Swierkiewicz*, 534 U.S. at 509, 122 S.Ct. 992. The district court dismissed the plaintiff's complaint, holding that the plaintiff "had not adequately alleged a prima facie case ... [because] he had not adequately alleged circumstances that support an inference of discrimination." *Id.* The appellate court affirmed the district court's decision on the basis that a plaintiff, in an employment discrimination complaint, must adduce facts establishing a prima facie case of discrimination under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) paradigm. *Id.* The appellate court determined that the plaintiff did not set forth such facts, and consequently it held that the plaintiff failed to meet his burden because "his allegations were insufficient as a matter of law to raise an inference of discrimination." *Id.* The Supreme Court granted certiorari in order to resolve a split among the Circuit Courts regarding the appropriate pleading standard for employment discrimination cases. *Id.* at 509–10, 122 S.Ct. 992.

The Supreme Court reversed and remanded *Swierkiewicz* to the appellate court because it held that an employment discrimination complaint "need not include [facts constituting a prima facie case of discrimination under the *McDonnell Douglas* framework,] ... [but] instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 508, 122 S.Ct. 992 (quoting FED.R.CIV.P. 8(a)(2)). The *Swierkiewicz* Court reasoned that the *McDonnell Douglas* prima facie case "is an

evidentiary standard, not a pleading requirement." *Id.* at 510, 122 S.Ct. 992. The Supreme Court further stated that it "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id.* at 511, 122 S.Ct. 992. In fact, the *Swierkiewicz* Court found that because the discovery process could reveal direct evidence of discrimination that a plaintiff is not cognizant of when she files her complaint, "[i]t ... seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered." *Id.* at 511–12, 122 S.Ct. 992.

■ The *Swierkiewicz* Court also found that the imposition of a heightened pleading standard on an employment discrimination plaintiff conflicts with Fed.R.Civ.P. 8(a)(2). *Id.* at 512, 122 S.Ct. 992. The " 'short and plain statement of the claim showing that the pleader is entitled to relief,' " as mandated by Rule 8(a)(2), serves to " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " [5] *Id.* (quoting *Conley*, 355 U.S. at 47, 78 S.Ct. 99). According to the *Swierkiewicz* Court, the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts

and issues and to dispose of unmeritorious claims." *Id.* (citations omitted). Finally, the Supreme Court stated that Rule 8(a)'s "simplified pleading standard applies to all civil actions, with limited exceptions," and it found no evidence that the Federal Rules of Civil Procedure require a "heightened pleading standard for employment discrimination suits." *Id.* at 513, 515, 122 S.Ct. 992.

Based upon the foregoing reasoning, in addition to the facts that the *Swierkiewicz* plaintiff pled, the Supreme Court also held that the plaintiff's complaint was sufficient to survive the defendant's motion to dismiss. Particularly, the Supreme Court noted that the plaintiff's complaint set forth the details leading to his termination, provided relevant dates, and included ages and nationalities "of at least some of the relevant persons involved with his termination." *Id.* at 514, 122 S.Ct. 992. The *Swierkiewicz* Court concluded that the plaintiff's allegations not only provided the defendant with fair notice of the plaintiff's claims and his bases for asserting them, but the plaintiff also stated claims upon which relief could be granted under Title VII and the ADEA. *Id.*

## B. Direct and Indirect Evidence of Plaintiff's Disability Discrimination Claim[6]

### 1. The Parties' Direct Evidence Arguments

■ Defendant claims that Plaintiff, cannot by direct evidence, prove any set of

**5.** The Court notes that although the *Swierkiewicz* Court focused its inquiry on whether an employment discrimination plaintiff is required to plead facts constituting a prima facie case of discrimination under the *McDonnell Douglas* framework, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), this Court finds that regardless of whether a plaintiff proffers direct or indirect evidence of disability discrimination, the Fed.R.Civ.P. 8(a) pleading requirements apply to all employment discrimi-

nation cases. The direct evidence proof model, by logical extension, is an evidentiary standard, and therefore, is not a pleading requirement.

**6.** Both parties raise several arguments regarding when a court may properly grant a motion to dismiss. "In ruling on a 12(b)(6) Motion to Dismiss for failure to state a claim, the court must examine 'whether a cognizable claim has been pleaded in the complaint.' " (Def.'s Mem. Supp. Mot. Dismiss at 3 (quoting

facts that would establish that Defendant discriminated against her based on her disability. (Def.'s Mem. Supp. Mot. Dismiss at 8). Relying upon *Monette v. Electronic Data Syst. Corp.*, 90 F.3d 1173 (6th Cir.1996), Defendant states that in order for Plaintiff to demonstrate, by direct evidence, that Defendant discriminated against her, she would have to establish that Defendant terminated her "solely" on account of her disability, which Plaintiff fails to do in her Complaint.[7] (Def.'s Mem. Supp. Mot. Dismiss at 7). Defendant also contends that Plaintiff does not provide facts pertaining to when Defendant refused to accommodate her, Defendant's decision-maker(s) who refused the accommodation, or Defendant's proffered reasons for refusing the accommodation. (Def.'s Mem. Supp. Mot. Dismiss at 8). Finally, according to Defendant, Plaintiff: does not allege that Defendant's reduction-in-force is causally linked either to its alleged failure to accommodate her, or to Plaintiff's disability; never avers that her requested accommodation was "reasonable"[8]; and asserts legal conclusions instead of pleading facts pertinent to Defendant's alleged discrimination. (Def.'s Mem. Supp. Mot. Dismiss at 8). Although not specifically

---

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 435 (6th Cir.1988))). "Courts have held that a complaint should not be dismissed unless it appears beyond doubt that a Plaintiff cannot prove any set of facts in support if their claims which would entitle them to relief." (Pl.'s Amended Resp. at 2 (quoting *LRL Properties v. Portage Metropolitan Housing Authority*, 55 F.3d 1097 (6th Cir. 1995))). It is unnecessary for the Court to address these arguments in light of the motion to dismiss standard of review annunciated in this Opinion and Order and adhered to by this Court. Hence, this Court will focus on the sufficiency of Plaintiff's Complaint and the corresponding facts she alleges in order to seek relief under OHIO REV.CODE ANN. § 4112 *et seq*.

7. In *Monette v. Elec. Data Syst. Corp.*, 90 F.3d 1173, 1186 (6th Cir.1996), the Sixth Circuit determined that in a disability discrimination case in which the plaintiff provides direct evidence "that the employer relied on his or her disability in making an adverse employment decision, or if the employer admits reliance on the handicap," the following burden of proof structure applies:

1) the plaintiff bears the burden of establishing that he or she is "disabled."
2) the plaintiff bears the burden of establishing that he or she is "otherwise qualified" for the position despite his or her disability: a) without accommodation from the employer; b) with an alleged "essential" job requirement eliminated; or c) with a proposed reasonable accommodation.

3) the employer will bear the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon the employer.
*Id.* See infra note 8 for the *Monette* court's discussion of the parties' respective burdens when an employee seeks a reasonable accommodation from an employer.

8. Defendant relies upon *Penny v. United Parcel Serv.*, 128 F.3d 408 (6th Cir.1997), for the proposition that the ADA requires employers to make "reasonable" accommodations. In *Monette*, the court determined that an employee who seeks a reasonable accommodation from the employer is required to show that a "reasonable" accommodation is possible, "and bears a traditional burden of proof that she is qualified for the position with such reasonable accommodation." *Monette*, at 1186 n. 12. Also, "[i]f the plaintiff establishes that a reasonable accommodation is possible, the employer bears the burden of proving that such reasonable accommodation would impose an undue hardship." *Id.* (citing *Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112 (8th Cir.1995)). Even if Plaintiff must ultimately demonstrate that her requested accommodation was reasonable, at this stage of the proceedings, however, it appears to be inappropriate to require Plaintiff to prove that the accommodation that she requested from Defendant was indeed "reasonable" because such a showing is not necessary in order for Plaintiff to present a "short and plain statement" of her claim as provided in FED. R.CIV.P. 8(a)(2).

addressing Defendant's direct evidence contentions, Plaintiff argues that under FED.R.CIV.P. 8(a), she is not required to provide the level of detail urged by Defendant. (Pl.'s Amended Resp. at 3–4). Instead, Plaintiff must present a short and plain statement of the facts adequate to show that she is entitled to relief under Ohio's disability discrimination laws. (Pl.'s Amended Resp. at 3). Finally, Plaintiff contends that because she has fulfilled her pleading requirements under FED.R.CIV.P. 8(a), this Court should not dismiss her Complaint. (Pl.'s Amended Resp. at 3–4).

■■■ In light of *Swierkiewicz,* Plaintiff's arguments are well-taken, and the Court finds that Defendant's contentions with respect to Plaintiff's lack of direct evidence are unavailing for three reasons. First, Plaintiff is not required to plead the elements of the direct evidence standard in order to survive a motion to dismiss. *Swierkiewicz,* 534 U.S. at 511, 122 S.Ct. 992 (stating that the Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss," and presumably the same conclusion applies to a direct evidence case of disability discrimination). Second, according to Defendant, although Plaintiff fails to provide facts with respect to when Defendant refused to accommodate her, Defen-

dant's decision-maker(s) who refused the accommodation, or Defendant's proffered reasons for refusing the accommodation, the Federal Rules of Civil Procedure do not require such detailed statements of fact for pleading purposes. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Third, even if Plaintiff never alleges in her Complaint that Defendant's reduction-in-force is causally linked either to its failure to accommodate, or to Plaintiff's disability, Defendant has cited no authority that would require Plaintiff to address these causation issues at this stage in the proceedings.

### 2. The Parties' Indirect Evidence Arguments

■■■ Similarly, Defendant contends that Plaintiff has not presented facts that are sufficient to establish a prima facie case of disability discrimination under the *McDonnell Douglas* framework.[9] (Def.'s Mem. Supp. Mot. Dismiss at 9–10). In particular, Defendant claims that Plaintiff does not offer any facts suggesting that she was replaced either by someone who is not disabled or that her position remained open following her termination. (Def.'s Mem. Supp. Mot. Dismiss at 9; Def.'s Reply Mem. at 6). According to Defendant, the "*McDonnell Douglas* framework is necessary in the context of a *prima facie* case in determining whether a plaintiff has

9. The Sixth Circuit requires a plaintiff, in a discrimination case that is predicated on indirect evidence to prove the following elements: (1) he or she is disabled; (2) otherwise qualified for the position, with or without reasonable accommodation; (3) suffered an adverse employment decision; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. *Hedrick v. Western Reserve Care Syst.,* 355 F.3d 444, 453 (6th Cir.2004). The *Hedrick*

court also affirmed the *Monette* court's finding that a plaintiff seeking to recover under the ADA must show: (1) she is an individual with a disability; (2) is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and (3) was discharged solely by reason of his handicap. *Id.* at 452. The *Hedrick* court further observed that a plaintiff may prove discrimination either through direct or indirect evidence, and subsequently it outlined the elements of the direct and indirect evidence cases of disability discrimination. *Id.*

*proven* a claim upon which relief can be granted, it is also necessary in determining whether a plaintiff has stated facts that, *if proven,* would entitle the plaintiff to relief, which is the test for a 12(b)(6) motion." (Def.'s Reply Mem. at 5). Defendant also argues that Plaintiff does not comply with the Sixth Circuit's directive that in a reduction-in-force case, a plaintiff who relies upon indirect evidence of discrimination does not make out her "prima facie" case absent "additional direct, circumstantial, or statistical evidence tending to indicate that Defendant singled her out for discharge for impermissible reasons." (Def.'s Mem. Supp. Mot. Dismiss at 9; Def.'s Reply Mem. at 6 (citing *Barnes v. GenCorp, Inc.,* 896 F.2d 1457 (6th Cir.1990))). Additionally, Defendant claims that Plaintiff does not state that Defendant's alleged failure to accommodate, or "any issue related to Plaintiff's claimed disability" was a factor in her termination.[10] (Def.'s Mem. Supp. Mot. Dismiss at 9 ("Because such facts would dominate the case if they existed, the assumption is that those facts do not exist." (citing *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir.1988)))). Finally, according to Defendant, Plaintiff does not specifically state that the requested adapter was the accommodation that Defendant refused; instead, Plaintiff states that Defendant refused to accommodate her "disabilities and medical restrictions." (Def.'s Mem. Supp. Mot. Dismiss at 9).

■■■ Plaintiff argues that she has satisfied the pleading burden imposed by Fed. R.Civ.P. 8(a). (Pl.'s Amended Resp. at 3). In support of this argument, Plaintiff relies on Paragraph 16 of her Complaint, which states, " 'Defendant Employer was aware of Plaintiff's disabilities and medical restrictions but refused to accommodate Plaintiff, even though she was and remains able to perform the primary functions of the position for which she was hired.' " (Pl.'s Amended Resp. at 3 (quoting Compl. ¶ 16)). She further refutes Defendant's assertion that she must provide more detailed facts in her Complaint. (Pl.'s Amended Resp. at 3–4). According to Plaintiff, Defendant has "mistaken" her burden of proof at the motion to dismiss stage of the proceedings. (Pl.'s Amended Resp. at 4). Specifically, Plaintiff argues that Defendant's reliance upon the *McDonnell Douglas* burden shifting analysis is inappropriate in this motion to dismiss because Fed.R.Civ.P. 8(a)(2) only requires Plaintiff to furnish a "short and plain statement of the claim showing that [she] is entitled to relief." (Pl.'s Amended Resp. at 4 (quoting Fed.R.Civ.P. 8(a)(2))). Ultimately, Plaintiff asserts that Defendant improperly relies on cases at the summary judgment phase of litigation in-

---

**10.** Defendant contends that if it did indeed refuse Plaintiff's requested accommodation, its refusal would be "insufficient evidence of discrimination" because it occurred approximately seven months before Plaintiff's termination. (Def.'s Mem. Supp. Mot. Dismiss at 9). Defendant relies on *Phelps v. Yale Security, Inc.,* 986 F.2d 1020, 1022, 1025 (6th Cir. 1993) and *Hein v. All America Plywood Co., Inc.,* 232 F.3d 482, 489 (6th Cir.2000), to bolster its assertion that an employer's comments that are too remote in time from a plaintiff's termination may be rejected by a court as evidence of discrimination. In testing the sufficiency of Plaintiff's Complaint, the Court deems it unnecessary to address Defendant's temporal argument because, at the motion to dismiss phase of litigation, whether Defendant's refusal to accommodate occurred too early in time to be construed as evidence of discrimination does not impact Plaintiff's ability to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed.R.Civ.P. 8(a)(2). *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (stating the "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.") *Id.* (citations omitted).

stead of cases arising on motions to dismiss.[11] (Pl.'s Amended Resp. at 4).

Defendant's arguments with respect to Plaintiff's lack of indirect evidence of disability discrimination directly conflict with the Supreme Court's holding and rationale in *Swierkiewicz*, and its arguments are untenable for two reasons.[12] First, *Swierkiewicz* makes it clear that the *McDonnell Douglas* prima facie case "is an evidentiary standard, not a pleading requirement." Accordingly, Plaintiff is not required to plead each element of the *McDonnell Douglas* prima facie case for purposes of withstanding Defendant's Motion to Dismiss. *See Swierkiewicz*, 534 U.S. at 511, 122 S.Ct. 992 ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Strict adherence to *Swierkiewicz* requires this Court to hold that, for purposes of satisfying the pleading burden under FED.

R.CIV.P. 8(a)(2), a plaintiff must allege a short and plain statement of her claim sufficient to give a defendant "fair notice" of her claim and the grounds upon which it rests. *Id.* at 512, 122 S.Ct. 992 (citing *Conley*, 355 U.S. at 47, 78 S.Ct. 99). A plaintiff who fulfills her pleading burden under Rule 8(a)(2), may survive a motion to dismiss if she states claims upon which relief could be granted. *See id.* at 514, 122 S.Ct. 992 (finding that case dismissal was unwarranted because the plaintiff gave the defendant fair notice of his claims and his bases for asserting such claims, in addition to alleging claims upon which he could be entitled to relief under Title VII and the ADEA) (citation omitted).[13]

Second, Defendant relies improperly on *Barnes v. GenCorp, Inc.*, 896 F.2d 1457, 1465 (6th Cir.1990), to buttress its argument that in a reduction-in-force case, a plaintiff must offer "additional direct, circumstantial, or statistical evidence tending to indicate that Defendant singled her out for discharge for impermissible reasons." [14] In *Barnes*, the Sixth Circuit declared that

**11.** Defendant contends that its citation to *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), a summary judgment case, does not "confuse the 12(b)(6) standard with the summary judgment standard." According to Defendant, it relies on *Thurston* because the case "sets forth the essential elements of a disability discrimination claim upon which Plaintiff must assert specific facts." (Def.'s Reply Mem. at 6).

**12.** The Court is further unpersuaded by Defendant's contention that because Plaintiff does not aver facts suggesting that Defendant's alleged failure to accommodate, or any issue related to Plaintiff's disability, was a factor in her termination, such facts do not exist. (Def.'s Mem. Supp. Mot. Dismiss at 9 (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988))). With regard to Defendant's alleged failure to accommodate, Plaintiff, in alleging her claim of disability discrimination under Ohio law, would not need to show that Defendant's alleged failure to accommodate was a factor in her termination. *See City of Columbus Civ.*

*Serv. Comm'n v. McGlone*, 82 Ohio St.3d 569, 697 N.E.2d 204, 206 (1998) (setting forth the three-part test of disability discrimination under Ohio law, but not requiring a plaintiff to show that a defendant-employer failed to accommodate her). Moreover, this Court finds that the Complaint contains facts sufficient to warrant an inference that Plaintiff is claiming that she was terminated by reason of her disability. *See infra* pp. 17–18.

**13.** According to Defendant, Plaintiff does not specify that the requested adapter for a computer program was the request that Defendant allegedly refused. (Def.'s Mem. Supp. Mot. Dismiss at 9). Given that Plaintiff must allege facts sufficient to place Defendant on notice of her disability discrimination claim, and the grounds upon which it rests, Plaintiff would not be required to plead specific facts related to the latter. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

**14.** In *Barnes v. GenCorp, Inc.*, 896 F.2d 1457 (6th Cir.1990), the plaintiffs sued the defendants for age discrimination in violation of the ADEA and OHIO REV.CODE ANN. § 4101.17. *Id.* at 1461 n. 1.

in a reduction-in-force case, a plaintiff may not simply establish the *McDonnell Douglas* prima facie case in order to raise an inference of discrimination, but must put forth "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Barnes*, 896 F.2d at 1465 (citations omitted). According to the *Barnes* court, such additional evidence is required because "[w]hen work force reductions by the employer are a factor in the decision, the most common legitimate reasons for the discharge are the work force reductions." *Id.*

Under *Swierkiewicz*, however, it would be illogical *not* to require a plaintiff to plead the elements of the *McDonnell Douglas* prima facie case, but then require a plaintiff, in a reduction-in-force case, to plead the elements of the *McDonnell Douglas* prima facie case, in addition to requiring her to offer direct, circumstantial, or statistical evidence suggesting that the defendant terminated her employment for discriminatory reasons.[15] If the latter were permitted, then a court could place a heightened pleading burden on a disability discrimination plaintiff who is terminated through a defendant's reduction-in-force, although the Federal Rules of Civil Procedure would not allow such a result. *See Swierkiewicz*, 534 U.S. at 513, 515, 122 S.Ct. 992 (stating that Rule 8(a)'s "simplified pleading standard applies to all civil actions, with limited exceptions," and find-

ing no evidence that the Federal Rules of Civil Procedure call for a "heightened pleading standard for employment discrimination suits").

This Court reconciles *Swierkiewicz* and *Barnes* by determining that, unlike *Swierkiewicz* and the case sub judice, the parties in *Barnes* were at the summary judgment stage of litigation in a reduction-in-force case where it is appropriate for a court to require that a plaintiff not only make out her *McDonnell Douglas* prima facie case if her case is predicated on indirect evidence, but also offer additional evidence that tends to show that the defendant terminated her employment for discriminatory reasons.[16] *Barnes*, 896 F.2d at 1461, 1463–65. At the motion to dismiss phase of litigation, however, requiring a plaintiff to make the same showing would run afoul of *Swierkiewicz*.

### C. Applying *Swierkiewicz*: The Sufficiency of Plaintiff's Allegations of Disability Discrimination

■ Bearing in mind the pleading burden imposed by FED.R.CIV.P. 8(a)(2), and reiterated in *Swierkiewicz*, the Court will test the sufficiency of Plaintiff's Complaint by examining whether she has provided a short and plain statement of her disability discrimination claim under Ohio law, which gives Defendant fair notice of her claim and the grounds upon which it rests. *See* FED.R.CIV.P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); *see*

---

**15.** See *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 371 (6th Cir.1999) for a discussion of how element four of the *McDonnell Douglas* framework in an ADEA case is "modified" when a plaintiff is terminated "in connection with" a defendant's reduction-in-force.

**16.** In *Barnes*, the Sixth Circuit stated: "If the plaintiff was truly singled out for discharge because of age he or she should be able to develop enough evidence through the discovery process or otherwise to establish a prima

facie case." *Barnes*, 896 F.2d at 1466. A plaintiff at the motion to dismiss stage of the proceedings would not have already acquired such evidence through the discovery process. *See Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992 (finding that the "simplified notice pleading standard" of FED.R.CIV.P. (8)(a)(2), "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims").

*also Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992 (finding that a plaintiff meets her Rule 8(a) burden by providing the defendant with the type of statement required in Rule 8(a)(2), which "gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (citation omitted). Although the Supreme Court has stated that the Federal Rules of Civil Procedure do not require a plaintiff to "set out in detail the facts upon which he bases his claim," the Court finds that Plaintiff has alleged facts adequate to meet Ohio's test for disability discrimination at the motion to dismiss stage, and she has given Defendant fair notice of her claim and her bases for asserting it. *Conley*, 355 U.S. at 47, 78 S.Ct. 99.

In order for Plaintiff to recover under the OHIO REV.CODE ANN. § 4112.02(A),[17] she must allege facts adequate to satisfy the three-part test of disability discrimination. *City of Columbus Civ. Serv. Comm'n v. McGlone*, 82 Ohio St.3d 569, 697 N.E.2d

204, 206 (1998). First, Plaintiff must allege that she was disabled.[18] *McGlone*, 697 N.E.2d at 206. Plaintiff satisfies this element at this phase in the litigation because in her Complaint she asserts that she suffers from terminal lung cancer, which according to Plaintiff, is a disability within the meaning of OHIO REV.CODE ANN. § 4112, *et seq.* (Compl.¶ 15).

█ Second, Plaintiff must aver that Defendant took an adverse employment action against her, at least in part, because she was disabled. *McGlone*, 697 N.E.2d at 206. "Generally, an adverse employment action is defined as a material adverse change in the terms and conditions of employment."[19] *Tessmer v. Nationwide Life Ins. Co.*, No. 98AP–1278, 1999 WL 771013, *4, 1999 Ohio App. LEXIS 4633, at *9 (Ohio Ct.App. Sept. 30, 1999) (citing *Kocsis v. Multi–Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir.1996)). A termination of employment is one accepted definition of an "adverse employment action."[20] *Id.* In

---

**17.** Section 4112.02(A) of the Ohio Revised Code states in relevant part:

It shall be an unlawful discriminatory practice: (A) For any employer, because of the ... disability ... of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

OHIO REV.CODE ANN. § 4112.02(A).

**18.** The term, "disability" was previously referred to as "handicap" under former OHIO REV.CODE ANN. § 4112.01(A)(13). *Ferguson v. Lear Corp.*, 155 Ohio App.3d 677, 802 N.E.2d 1141, 1148 n. 1 (2003). Section 4112.01(A)(13) of the Ohio Revised Code defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental im-

pairment." OHIO REV.CODE ANN. § 4112.01(A)(13).

**19.** The Sixth Circuit has adopted the Seventh Circuit's determination that " 'a materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities.' " *Clark v. Whirlpool Corp.*, 03–3582, 109 Fed.Appx. 750, 754–55, 2004 U.S.App. LEXIS 19130, at *13 (6th Cir. Aug. 31, 2004) (quoting *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)); *see Kocsis v. Multi–Care Mgmt., Inc.*, 97 F.3d 876, 886–87 (applying the *Crady* court's definition of a "materially adverse" employment action).

**20.** The court in *Tessmer v. Nationwide Life Ins. Co.*, No. 98AP–1278, 1999 WL 771013, *4, 1999 Ohio App. LEXIS 4633, at *9–10 (Ohio Ct.App. Sept. 30, 1999), stated that: "Adverse employment actions are not limited to cases where there has been a termination of employment, loss of benefits or decrease in salary....[A] job transfer resulting in a less distinguished title or significantly diminished

the case sub judice, Plaintiff states that she requested an adapter for a computer program in September 2003, and although Defendant was aware of Plaintiff's "disabilities and medical restrictions," it refused to accommodate her. (Compl.¶¶ 12, 16). Defendant subsequently terminated Plaintiff on April 6, 2004. (Compl.¶ 13). Plaintiff further contends that Defendant's "adverse employment actions" are in violation of OHIO REV.CODE ANN. § 4112 *et seq.*, and "as a result of Defendant's actions," Plaintiff suffered damages. (Compl.¶¶ 17–18). From the facts of the case, it is undisputed that Defendant terminated Plaintiff's employment. Although Plaintiff does not directly state that Defendant discharged her, in part, because of her disability, the Court finds that the Complaint contains facts sufficient to warrant an inference that Plaintiff is claiming that she was terminated by reason of her disability. *See Murphy v. Sofamor Danek Group, Inc. (In re Sofamor Danek Group, Inc.)*, 123 F.3d 394, 400 (6th Cir.1997) (stating that all factual allegations made by the plaintiff are deemed admitted, and *ambiguous allegations must be construed in the plaintiff's favor*) (emphasis added).

■ Finally, Plaintiff must allege that although she is disabled, she can safely and substantially perform the essential functions of a Program Consultant. *McGlone*, 697 N.E.2d at 206. Ohio courts have determined that a plaintiff *may* meet this element of her disability discrimination claim by demonstrating that she "could have performed the essential functions of the job with a reasonable accommodation,[21] if necessary." *Maracz v.*

---

responsibilities can constitute an adverse employment action." *Id.* (citations omitted).

**21.** An "accommodation" as applied to employers means "a reasonable adjustment made to a job and/or the work environment that enables a qualified disabled person to safely and substantially perform the duties of that position." OHIO ADMIN. CODE § 4112–5–02(A). A "qualified disabled person," with respect to employment, means "a disabled person who can safely and substantially perform the essential functions of the job in question, with or without reasonable accommodation, and who is not excluded from the coverage of Chapter 4112 of the Revised Code." OHIO ADMIN. CODE § 4112–5–02(K). Finally, "an employer must make reasonable accommodation to the disability of an employee or applicant, unless the employer can demonstrate that such an accommodation would impose an undue hardship on the conduct of the employer's business." OHIO ADMIN. CODE § 4112–5–08(E)(1).

There appears to be some disagreement in the Ohio lower courts concerning whether a plaintiff who attempts to establish element three of the state disability discrimination claim must allege that, though she is disabled, she can safely and substantially perform the essential functions of her job with or without a reasonable accommodation. *See, e.g., Maracz v. United Parcel Serv., Inc.*, No. 83432,

2004 WL 2914994, *11, 2004 Ohio App. LEXIS 6377, at *19 (Ohio App. Dec. 16, 2004) (determining that a plaintiff "must demonstrate" that she "could safely and substantially perform the essential functions of the job in question despite ... her disability," but finding that this element of Ohio's disability discrimination test may be satisfied if the plaintiff shows that she "could have performed the essential functions of the job with a reasonable accommodation, if necessary") (citing *Shaver v. Wolske & Blue*, 138 Ohio App.3d 653, 742 N.E.2d 164, 170 (2000)); *Grooms v. Supporting Council of Preventative Effort (SCOPE)*, 157 Ohio App.3d 55, 809 N.E.2d 42, 53 (2004) (finding same). *But see Pattison v. Honda of America Mfg., Inc.*, C.A. Case No.2003–CA–38, 2004 WL 1588105, *2, 2004 Ohio App. LEXIS 3402, at *5 (Ohio App. July 16, 2004) (requiring a plaintiff to demonstrate that she can "safely and substantially perform the essential functions of the job in question with a reasonable accommodation") (citing *Hood v. Diamond Prod., Inc.*, 74 Ohio St.3d 298, 658 N.E.2d 738 (1996)); *Shaver v. Wolske & Blue*, 138 Ohio App.3d 653, 742 N.E.2d 164, 170 (2000) (stating that a disabled plaintiff "must show" that she can "safely and substantially perform the essential functions of the job with or without a reasonable accommodation") (citing *Columbus Civ. Serv. Comm'n v. McGlone*, 82 Ohio St.3d 569, 697 N.E.2d 204, 206 (1998));

*United Parcel Serv., Inc.*, No. 83432, 2004 WL 2914994, *7, 2004 Ohio App. LEXIS 6377, at *19 (Ohio App. Dec. 16, 2004) (citing *Shaver v. Wolske & Blue*, 138 Ohio App.3d 653, 742 N.E.2d 164 (2000)). Furthermore, Ohio courts have adopted the Sixth Circuit's reasonable accommodation analysis, which places a burden on an employee who proposes an accommodation to show that it is "objectively reasonable." *Id.*, 2004 WL 2914994, *11, 2004 Ohio App. LEXIS 6377, at *32 (citing *Monette v. Elec. Data Syst.*, 90 F.3d 1173, 1183 (6th Cir.1996)).

In her Complaint, Plaintiff states that she was employed by Defendant from September 1994 until April 6, 2004, as a Program Consultant, and she was and remains able to perform the primary functions of the position for which she was hired. (Compl.¶¶ 9, 13, 16). Plaintiff further claims that she requested an adapter for a computer program, which would have allowed her to continue to perform her duties as a Program Consultant because she experienced difficulty in learning a new computer program. (Compl.¶¶ 11–12). Although Plaintiff never alleges that her requested accommodation was "reasonable," for purposes of satisfying the pleading burden imposed by Fed.R.Civ.P. 8(a)(2), and in accordance with the Ohio

This Court finds that the Supreme Court of Ohio does not require a plaintiff to show that she can safely and substantially perform the essential functions of the job *with or without reasonable accommodation* in setting forth element three of the Ohio disability discrimination claim. *See, e.g., McGlone*, 697 N.E.2d at 206 (stating that a plaintiff "must demonstrate" that she can "safely and substantially perform the essential functions of the job in question" in spite of her disability, but not requiring a plaintiff to show that she can safely and substantially perform the essential functions of her job with or without a reasonable accommodation); *Hood*, 658 N.E.2d at 741–42 (holding that a plaintiff "must demonstrate" that although she is disabled, she "can

test for disability discrimination as annunciated by the Supreme Court of Ohio, the Court finds that, at this stage of the proceedings, Plaintiff has alleged facts adequate to meet element three of her state disability discrimination claim.

## V. CONCLUSION

Based upon the foregoing, Plaintiff's Complaint is sufficient to survive Defendant's Motion to Dismiss. Accordingly, Defendant's Motion to Dismiss [Docket No. 5], is **DENIED** in its entirety.

**IT IS SO ORDERED.**

safely and substantially perform the essential functions of the job in question," and finding that a "legitimate, nondiscriminatory reason" that an employer may put forth after a plaintiff establishes her prima facie case of disability discrimination is that the employee is unable to "safely and substantially perform, with reasonable accommodations, the essential functions of the job in question") (citation omitted). Accordingly, in pleading element three of the Ohio disability discrimination claim, Plaintiff, in the case sub judice is required to allege facts sufficient to demonstrate that she, though disabled, can safely and substantially perform the essential functions of a Program Consultant. *Id.*